SCHOTT, Judge.
Plaintiffs have appealed from a judgment maintaining an exception of lis pen-dens filed in response to their “Petition for Breach of Contract” on August 28, 1975. Giving rise to the exception was a suit by the same plaintiffs against the same defendant, initiated in July, 1972, by the filing of a “Petition of Suit in Negligence.” Now the question is whether the trial court correctly applied the following provisions of LSA-C.C.P. Art. 531:
*592 “When two or more suits are pending in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities and having the same object, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925 . . ”
In both cases the cause of action is the same. Plaintiffs allege that defendant, an attorney at law, was retained by them to clear some tax sale problems from a land title and that he failed in the performance of his duty to his clients with resulting damage to them. We have noted that the same parties are involved and they are in the same capacities in both suits, and both suits have the same object, namely, the recovery of compensatory damages.
The different titles placed on the petitions are of no moment since it is the factual allegations of the petition which identify the cause of action. See Official Revision Comment (b) to C.C.P. Art. 862. The original articles of plaintiffs’ original petition contained the allegations that defendant was retained by plaintiff as their attorney and he misrepresented them in that capacity. If these allegations were not as clear as they should have been any deficiency was cured with a supplemental petition filed in those original proceedings in October, 1975, which amplified and explained those original allegations.
Accordingly, the judgment appealed from is affirmed, plaintiffs to pay all costs including the cost of this appeal.
AFFIRMED.